IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEYOUNG RA

       Plaintiff,

v.

GERHARD'S, INC.
   and
CHARLES "BUD" GERHARD III
   and
RICHARD GERHARD
   and
GERALD GERHARD

       Defendants.

NO.

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Seyoung Ra files the following Complaint against Defendants Gerhard's, Inc., Charles "Bud" Gerhard III, Richard Gerhard and Gerald Gerhard, and in support thereof avers, as follows:

## Nature of Claim

1. This action is filed pursuant to the Fair Labor Standards Act of 1938, 29 U. S.C. §201 ("FLSA"); the Employee Retirement Income Security Act, 29 U. S. C. §1001 ("ERISA"); the Pennsylvania Minimum Wage Act, 42 Pa. C. S. §333.101 ("PMWA"); and the Pennsylvania Wage Payment and Collection Law, 43 Pa C. S. §260.1 ("WPCL").

## Jurisdiction

2. This Court has federal question jurisdiction of this matter pursuant to 28 U. S. C. §1331 (Counts I, II) and supplemental jurisdiction pursuant to 28 U. S. C. §1367 over the Pennsylvania state law claims (Counts III, IV).

3.      Venue is appropriate in this District as Defendants reside in this jurisdiction and the events in question took place in this District.

## Parties

4.      Plaintiff Seyoung Ra ("Ra") is an individual who resides at 7 Sweet Gum Lane, Horsham, PA 19044.

5.      Defendant Gerhard's, Inc. ("Gerhard's") is a Pennsylvania corporation with its principal place of business at 290 N. Keswick Avenue, Glenside, PA 19038.

6.      Defendant Charles "Bud" Gerhard III ("Bud Gerhard") is President of Defendant Gerhard's, a principal owner of Gerhard's, and maintains operational control over Gerhard's daily operations and business activities. Bud Gerhard maintains a principal place of business at 290 N. Keswick Avenue, Glenside, PA 19038.

7.      Defendant Richard Gerhard is Vice President of Defendant Gerhard's, a principal owner of Gerhard's and maintains operational control over Gerhard's daily operations and business activities. Richard Gerhard maintains a principal place of business at 290 N. Keswick Avenue, Glenside, PA 19038.

8.      Defendant Gerald Gerhard is corporate Secretary of Defendant Gerhard's, a principal owner of Gerhard's, and a Store Manager, who maintains operational control over Gerhard's daily operations and business activities. Gerald Gerhard maintains a principal place of business at 290 N. Keswick Avenue, Glenside, PA 19038.

## Factual Background

9.      Defendant Gerhard's operates a retail appliance business with five locations throughout the Delaware Valley area, including Glenside, Ardmore, Doylestown, Malvern, and Northeast Philadelphia.

10. If a customer's appliance order is over $999.00, Defendant Gerhard's offers free delivery to the customer. For orders under $999.00, if a customer is located in the Philadelphia area, Gerhard's describes its delivery process as including, "dropping off, installing your appliance and removing the old and taking it with us. This $39.95 charge excludes built in appliances. Your delivery date will be scheduled at the time of sale. Give us the best way to contact you and we will call you the night before with a window of time for delivery the following day."

11. Beginning on or about late February / early March 2017 through June 9, 2017, Plaintiff Ra worked for Defendant Gerhard's as a Lead Delivery Driver.

12. During the time Plaintiff Ra worked as a Lead Delivery Driver Defendant Gerhard's paid Plaintiff Ra as a 1099 independent contractor and not as a W-2 employee.

13. During Plaintiff Ra's tenure as a Lead Delivery Driver Defendant Gerhard's had approximately eight (8), two (2) man truck delivery crews which are composed of a Lead Delivery Driver and a helper. The delivery crews deliver appliance purchases to Gerhard's customer's homes.

14. During the time period Plaintiff Ra worked full-time as a Lead Delivery Driver for Defendant Gerhard's he was compensated at the rate of $40.00 for most delivery jobs.

15. Defendant Gerhard's determined the rate of pay for each delivery and Plaintiff Ra had no input into the rate of pay.

16. In making deliveries to Defendant Gerhard's customers on certain dates during the period March 2017 through June 5, 2017, Gerhard's required Plaintiff Ra to perform extra work beyond making local appliance deliveries (hereinafter, "the Additional Work"). The Additional Work included traveling long distances to make deliveries to locations such as

Harrisburg, PA and the New York/Connecticut area; assembling gas grills at customer homes; and performing other labor related to appliances that were being delivered to Gerhard's customers.

17. On the occasions when Defendant Gerhard's advised Plaintiff Ra that he would be required to perform Additional Work, Ra was advised that he would receive additional compensation which ranged from $10.00 to $680.00, depending on the Additional Work assigned.

18. There was an oral agreement by which Plaintiff Ra agreed to perform the Additional Work and Defendant Gerhard's agreed to compensate Ra for the Additional Work in agreed upon amounts.

19. The agreement between Plaintiff Ra and Defendant Gerhard's constitutes an oral contract between and an employee and employer.

20. In rendering services to Defendant Gerhard's, Plaintiff Ra expected to be compensated by Defendant Gerhard's for all services performed.

21. Defendant Gerhard's has failed to pay Plaintiff Ra the agreed compensation for the Additional Work which totals approximately $3,515.00.

22. Defendant Gerhard's trained Plaintiff Ra as to how to perform their duties.

23. In performing services Plaintiff Ra was required to purchase and wear a shirt with a Gerhard's employer's logo.

### Gerhard's Assigned Delivery Routes

24. Plaintiff Ra reported for work as a Lead Delivery Driver daily at approximately 7:30 a.m.

25. When Plaintiff Ra reported for work, on a daily basis Defendant Gerhard's required Ra to load delivery trucks with new appliances to be delivered to Defendant Gerhard's customers and depart the warehouse owned by Gerhard's by no later than 8:30 a.m.

26. Each work day, Defendant Gerhard's assigned Plaintiff Ra a delivery route by providing a delivery sheet prepared by Gerhard's that showed a required sequence of customer delivery addresses.

27. After each delivery was completed during the work day, Defendant Gerhard's required Plaintiff Ra to contact Gerhard's office to report the job status.

28. During the course of a work day Defendant Gerhard's would frequently contact Plaintiff Ra by cell phone to change the delivery schedule and carry out other assignments for Gerhard's.

29. On certain occasions during the course of the work day Defendant Gerhard's contacted Plaintiff Ra and required him to return to a Gerhard's store to pick up appliances for immediate delivery to a customer.

### **Gerhard's Delivery Trucks**

30. Defendant Gerhard's arranged to lease delivery trucks used by its delivery crews from Enterprise Truck Leasing in Gerhard's name as Lessor.

31. The delivery trucks that Defendant Gerhard's leased from Enterprise Truck Leasing contain advertisements for Gerhard's on the sides and backs of the trucks.

32. Defendant Gerhard's directly paid the cost of all insurance for the delivery trucks.

33. In order to carry out delivery assignments Defendant Gerhard's required Plaintiff Ra to "rent" a delivery truck from Gerhard's.

34. At all times Defendant Gerhard's maintained a set of keys for the delivery truck assigned to Plaintiff Ra.

35. Defendant Gerhard's deducted $400.00 per week from Plaintiff Ra's pay for delivery truck rental no matter how many days Ra worked per week.

36. Defendant Gerhard's deducted $50.00 per week from Plaintiff Ra's pay for a fund to pay for any alleged damage caused as a consequence of a delivery ("the Retainer Fund"). Gerhard's used these funds at its sole discretion to reimburse customers for any alleged damage.

37. Following the end of Plaintiff Ra's work as a Lead Delivery Driver, Defendant Gerhard's has failed to return to Plaintiff Ra retainer funds totaling $910.00.

38. Plaintiff Ra did not cause any damages that would justify keeping any Retainer Funds.

39. Defendant Gerhard's did not permit Plaintiff Ra to take the assigned delivery truck home at the end of any work day.

40. Defendant Gerhard's required the delivery truck used by the Plaintiff Ra to be stored and parked at Gerhard's warehouse at the completion of the delivery day.

41. Defendant Gerhard's prohibited Plaintiff Ra from using the assigned delivery truck for anything other than the delivery of appliances to Gerhard's business.

42. Defendant Gerhard's required Plaintiff Ra to pay for all gas used in operating delivery trucks.

43. At the end of each work day, Defendant Gerhard's required Plaintiff Ra to unload all old appliances from the delivery trucks, which had been picked up from customers to whom new appliances were delivered, and place the old appliances in a scrap metal trailer stored on Gerhard's premises. Ra was not compensated in any form for providing this service to Gerhard's.

44. Defendant Gerhard's sells the contents of each full scrap metal trailer for thousands of dollars and keeps all proceeds.

### Ra's Work Hours

45. Defendant Gerhard's did not require Plaintiff Ra to keep records of the number of hours worked on a daily or weekly basis.

46. Most work weeks Defendant Gerhard's Lead Delivery Drivers worked five-six days per week and their weekly work hours exceed 40 hours.

47. Most work weeks Plaintiff Ra worked 10-16 hours per day, five-six days per week.

48. Plaintiff Ra did not receive any additional pay when his weekly work total hours exceeded 40 hours.

### Gerhard's Treatment of Lead Delivery Drivers

49. Defendant Gerhard's knew at all times relevant to this complaint that Plaintiff Ra should properly be deemed an employee under applicable law, yet it designated Ra as an independent contractor.

50. Defendants Gerhard's, Bud Gerhard, Richard Gerhard and Gerald Gerhard, knew at all times relevant to this complaint that its Lead Delivery Drivers may not lawfully be considered independent contractors and willfully disregarded the law.

51. Defendant Gerhard's provides its full-time employees with employer sponsored benefits including (a) retirement benefit plan eligibility contributions, (b) bonuses, (c) profit sharing, (d) health insurance and other employment benefits.

52. As required by applicable law, Defendant Gerhard's employees also receive (a) Federal Insurance Contribution Act (FICA) contributions from Gerhard's as an employer; (b) unemployment benefit contributions and (c) worker's compensation benefits.

53. Defendant Gerhard's did not provide Plaintiff Ra with any of the employer sponsored benefits or other benefits which an employer is required to pay on behalf of its employees.

54. Defendant Gerhard's did not withhold any federal income taxes from the wages paid to Plaintiff Ra.

55. Defendant Gerhard's does not provide a W-2 form to any of its delivery drivers.

### Bud Gerhard, Richard Gerhard and Gerald Gerhard Have Operational Over Defendant Gerhard's

56. Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard are the owners and operators of Defendant Gerhard's.

57. Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard had the power to hire and fire Plaintiff Ra and other employees of Defendant Gerhard's.

58. Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard supervised and controlled the work schedules of Plaintiff Ra and other employees of Defendant Gerhard's.

59. Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard have an active role in corporate advising, policy-making and decision-making for Defendant Gerhard's.

60. Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard determined the rate and method of compensation of Plaintiff Ra, other lead delivery truck drivers and other employees of Defendant Gerhard's.

61. Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard maintain responsibility for Defendant Gerhard's lead delivery truck driver compensation records, truck delivery records, and employment records.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### 29 U. S. C. §201, et. seq.

62. Paragraphs 1 to 61 are incorporated herein as if set forth in full.

63. Defendant Gerhard's exercised substantial control over the manner in which Plaintiff Ra performed his work.

64. Defendant Gerhard's exercised substantial control over the work schedule of Plaintiff Ra.

65. Defendant Gerhard's determined the rate of pay of Plaintiff Ra.

66. Defendant Gerhard's maintains employment records concerning Plaintiff Ra.

67. Defendant Gerhard's had the power to hire and fire Plaintiff Ra.

68. Plaintiff Ra's opportunity for profit or loss solely depended upon the number of delivery assignments and other worked provided by Defendant Gerhard's.

69. The work which Plaintiff Ra provided on behalf of Gerhard's was integral to Defendant Gerhard's business operations.

70. Plaintiff Ra is an Employee within the meaning of 29 U. S. C. §203(e)(l).

71. Defendant Gerhard's is engaged in commerce, engaged in the production of goods for commerce and/or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the 29 U. S. C. §203(e) (1) of the FLSA.

72. Plaintiff Ra is a party to whom wages are owed.

73. Defendant Gerhard's is an Employer within the meaning of 29 U.S. C. §203(e)(1) of the FLSA.

74. Defendant Gerhard's is an Employer within the meaning of 29 U.S. C. §203(d) of the FLSA.

75. Defendant Gerhard's failed to comply with the maximum hour provisions of 29 U.S. C. §207 of the FLSA by failing to pay Plaintiff Ra time and one-half of his regular rate for hours worked in excess of forty (40) hours per week.

76. Defendant Gerhard's actions were willful, as Gerhard's knew/ knows the FLSA's requirements.

77. As corporate officers, owners and managers with operational control of Defendant Gerhard's, who are responsible for the day-to-day operations of Gerhard's with direct responsibility for the supervision of employees, Defendants Bud Gerhard, Richard Gerhard and Gerald Gerhard are jointly and severally liable under the FLSA.

WHEREFORE, Plaintiff Seyoung Ra, respectfully requests that this Court enter judgment in his favor against Defendants Gerhard's, Inc., Charles "Bud" Gerhard III, Richard Gerhard and Gerald Gerhard under the Fair Labor Standards Act and award (1) all amounts of overtime wages that should have received under the FLSA but for Defendants' violation of their rights, (2) liquidated damages as provided under the FLSA, (3) unpaid wages, (4) reasonable attorneys' fees, expert witness fees, interest and costs, (5) and any other relief, that the Court deems appropriate.

## COUNT II

**ACTION PURSUANT TO 29 U. S. C. 1132 (a)(l)(B) PLAN ENFORCEMENT UNDER ERISA**

78. Paragraphs 1 through 77 are incorporated herein as though set forth in full.

79. Defendant Gerhard's administers and maintains company sponsored employee benefit plans, including a health insurance plan disability insurance, life insurance plan, 401-K retirement plan, and profit sharing plan ("ERISA Employee Benefit Plans") on behalf of its employees.

80. Upon information and belief, Defendant Gerhard's ERISA Employee Benefit Plans are subject to ERISA.

81. Upon information and belief as President of Defendant Gerhard's, Bud Gerhard is the trustee and/or administrator of the ERISA Employee Benefit Plans.

82. Plaintiff Ra was an employee entitled to participate in Defendant Gerhard's ERISA Employee Benefit Plans.

83. Defendant Gerhard's did not allow Plaintiff Ra to participate in the ERISA Employee Benefit Plans.

84. Under 29 U.S.C. §1132(a)(l)(B), Plaintiff Ra is authorized to clarify and enforce his rights and to obtain other appropriate equitable relief with respect to the ERISA Employee Benefit Plans for which Ra was eligible.

85. Pursuant to ERISA, Plaintiff Ra was entitled to benefits under the ERISA Employee Benefit Plans and is entitled to restitution and injunctive relief requiring Plaintiff Ra to be covered by the ERISA Employee Benefit Plans and to receive the benefits due.

WHEREFORE, Plaintiff Seyoung Ra respectfully requests that this Court order all injunctive relief and a judgment in his favor against Defendants Gerhard's, Inc., concerning Plaintiff Ra's entitlement to all benefits from all ERISA Benefit Plans to which Plaintiff was eligible and reasonable attorneys' fees, interest and costs, and any other relief that the Court deems appropriate.

## COUNT III

### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT, 42 PA. C. S. §333.101 et. seq.

86. Paragraphs 1 to 76 are incorporated herein as if set forth in full.

87. During the course of his employment with Defendant Gerhard's, Plaintiff Ra was an Employee within the meaning of the PMWA.

88. Defendant Gerhard's is an Employer within the meaning of PMWA.

89. Plaintiff Ra is a party to whom overtime wages are owed.

90. Defendant Gerhard's failed to comply with the maximum hour's provisions of the PMWA by failing to pay Plaintiff Ra time and one-half of their regular rates for hours worked in excess of forty (40) hours per week.

91. Defendant Gerhard's actions were willful, as Gerhard's should have known of the PMWA's requirements.

92. Defendant Gerhard's failures violate the wage and overtime provisions of the PMWA.

93. As corporate officers, owners and manager with operational control of Defendant Gerhard's who are responsible for the day-to-day operations of Gerhard's, with direct

responsibility for the supervision of employees, Defendant Bud" Gerhard, Richard Gerhard and Gerald Gerhard are jointly and severally liable for unpaid overtime wages under the PMWA.

WHEREFORE, Plaintiff Seyoung Ra, respectfully requests that this Court enter judgment in his favor against Defendants Gerhard's, Inc., Charles "Bud" Gerhard III, Richard Gerhard and Gerald Gerhard under the Pennsylvania Minimum Wage Act, and award (1) all amounts of overtime wages that Plaintiff should have received under the PMWA but for Defendants' violation of their rights, (3) unpaid wages Plaintiff should have received under the PMWA, (4) reasonable attorneys' fees, expert witness fees, interest and costs, (5) and any other relief, which the Court deems appropriate.

## COUNT IV

### VIOLATION OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 Pa. C. S. 260.1, et. seq.

94. Paragraphs 1 through 93 are incorporated herein as though set forth in full.

95. Plaintiff Ra is an Employee as defined by the WPCL.

96. Defendant Gerhard's is an employer within the meaning of the WPCL.

97. Plaintiff Ra as the employee has a contractual entitlement to compensation in the form of wages from Defendant Gerhard's as the employer.

98. Plaintiff Ra and Defendant Gerhard's agreed on the obligation to be incurred in the form of services to be provided by Ra in exchange for wages to be paid.

99. The intentions of Plaintiff Ra and Defendant Gerhard's may be inferred from the relationship between the parties and their conduct in light of the surrounding circumstances.

100. A promise to pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent and avails itself of the service.

101. Plaintiff Ra provided services to Defendant Gerhard's in exchange for wages including Additional Work and wages withheld as Retainer Funds.

102. Plaintiff Ra and Defendant Gerhard's had an implied oral contract.

103. Plaintiff Ra, the party rendering the services was justified in entertaining a reasonable expectation of being compensated by Defendant Gerhard's which received the services provided and which were a benefit to Gerhard's.

104. Defendant Gerhard's has willfully failed to pay Plaintiff Ra wages earned as defined by the WPCL in the form of Additional Work and wages withheld as Retainer Funds during and after the course of his employment within the time limits prescribed by the WPCL.

105. Plaintiff Ra has been damaged as result of Defendant Gerhard's failure to pay wages due.

106. Defendant Gerhard's has failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

107. During the course and after Plaintiff Ra's employment, Defendant Gerhard's failed to pay wages due.

108. Defendant Gerhard's willfully failed to pay Plaintiff Ra wages earned within the time limits prescribed by the WPCL.

109. Plaintiff Ra has been damaged as result of Defendant Gerhard's failure to pay wages due.

110. As corporate officers, owners and managers with operational control of Defendant Gerhard's who are responsible for the day-to-day operations of Gerhard's with direct responsibility for the supervision of employees, Defendant Bud Gerhard, Richard Gerhard and Gerald Gerhard are jointly and severally liable for wages under the WPCL.

WHEREFORE, Plaintiff Seyoung Ra respectfully requests that this Court enter judgment in his favor against Defendants Gerhard's, Inc., Charles "Bud" Gerhard III, Richard Gerhard and Gerald Gerhard under the Pennsylvania Wage Payment and Collection Law, for (1) all actual damages sustained, (2) liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of wages due, (3) reasonable attorneys' fees, interest and costs, (4) and any other relief that the Court deems appropriate.

## Demand for Trial by Jury

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Dated: November 16, 2017                    Attorney for Plaintiff Seyoung Ra